```
 1  Matthew Franklin Jaksa (CA State Bar No. 248072)
    HOLME ROBERTS & OWEN LLP
 2  560 Mission Street, 25th Floor
    San Francisco, CA  94105-2994
 3  Telephone:  (415) 268-2000
 4  Facsimile:   (415) 268-1999
    Email:         matt.jaksa@hro.com
 5
 6  Attorneys for Plaintiffs,
    VIRGIN RECORDS AMERICA, INC.;
 7  INTERSCOPE RECORDS; SONY BMG
    MUSIC ENTERTAINMENT; CAPITOL
 8  RECORDS, INC.; UMG RECORDINGS,
    INC.; and WARNER BROS. RECORDS
 9  INC.
```

**FILED**

FEB 28 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**BZ**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
_____ DIVISION

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and WARNER BROS. RECORDS INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>JOHN DOE,<br>        Defendant. | CASE NO. CV 08 1191<br><br>**EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |

---

EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY
Case No. _____
#35891 v1

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant, who is being sued for direct copyright infringement.[1]

2. As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

---

[1] Because Plaintiffs do not yet know Defendant's true identity, Plaintiffs are unable to personally serve Defendant with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(D) ("A paper is served under this rule by . . . leaving it with the court clerk if the person has no known address.") and will serve Defendant's ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify the Defendants of the subpoena and provide Defendant with an opportunity to object.

1

EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY
Case No. _____
#35891 v1

1   WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the
2   foregoing requested discovery immediately.

5   Dated:   February 28, 2008                     HOLME ROBERTS & OWEN LLP

                                                    By _____
                                                    MATTHEW FRANKLIN JAKSA
                                                    Attorney for Plaintiffs
                                                    VIRGIN RECORDS AMERICA, INC.;
                                                    INTERSCOPE RECORDS; SONY BMG MUSIC
                                                    ENTERTAINMENT; CAPITOL RECORDS,
                                                    INC.; UMG RECORDINGS, INC.; and
                                                    WARNER BROS. RECORDS INC.